UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

MICHAEL ADAMS et al.,

                   Defendants.

---------------------------------------------------------------X

03 CR 1368 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

In accordance with the recommendation of the Probation Department, the government seeks to enhance by two levels the offense level of many of the defendants[1] for "abuse of a position of trust" pursuant to Section 3B1.3 of the U.S. Sentencing Guidelines. Several defendants[2] have filed objections to the enhancement, arguing that their positions as low-level employees at John F. Kennedy International Airport ("JFK Airport") do not constitute positions of trust under the guidelines. For the reasons discussed below, the court concludes that an evidentiary hearing is required to determine whether the defendants occupied positions of trust under the guidelines.

The government argues that the two-level enhancement is appropriate because the

---

[1] The government seeks the "abuse of a position of trust" enhancement for the following defendants: Michael Adams, Junior Barnett, Gladstone Blair, Michael Erskine, Cleveland Green, Anthony Gulston, Gary Lall, Robert Lopez, Lloyd McKend, Rafael Rodriguez, Mark Sandy, Errol Small, Selwyn Smith, Stephenson Watson, Erroldo Weatherly, Gladstone Whyte, Michael Williams, and Eglan Younge.

[2] The following defendants have filed objections to the enhancement: Michael Adams, Cleveland Green, Anthony Gulston, Gary Lall, Robert Lopez, Lloyd McKend, and Rafael Rodriguez.

1

defendants occupied positions of trust by virtue of their employment with various private companies affiliated with JFK Airport. As employees of these companies, which included airlines and firms that provided baggage handling or food preparation services, the defendants received security clearances by two public agencies: the Port Authority of New York and New Jersey ("Port Authority") and U.S. Customs and Border Protection ("Customs"). According to the government and supported by the trial record, these security clearances enabled the defendants to access secured areas of the airport that are not open to the public, such as the tarmac and cargo holds. The government further contends that the defendants were able to freely access and roam about the secured areas without supervision or oversight and that the defendants used their unsupervised access to facilitate their drug importation scheme.

The court may apply a two-level enhancement for a defendant's abuse of a position of trust that "contributed in some significant way to facilitate the commission or concealment of the offense." U.S. Sentencing Guidelines Manual § 3B1.3 (2005). Applying the enhancement requires determining (1) whether the defendant occupied a position of trust and (2) whether the defendant abused that position of trust. See United States v. Nuzzo, 385 F.3d 109, 115 (2d Cir. 2004).

Whether the defendant occupied a position of trust must be viewed from the perspective of the victim. See United States v. Castagnet, 936 F.2d 57, 62 (2d Cir. 1991). The primary inquiry to determine whether a person is in a position of trust is "'the extent to which the position provides the freedom to commit a difficult-to-detect wrong.'" See id. (quoting United States v. Hill, 915 F.2d 502, 506 (9th Cir. 1990)). A review of the Second Circuit's recent application of this principle suggests that supervision or oversight of the defendant is an important factor in

2

determining whether the defendant was granted such discretion or freedom. See, e.g., United States v. Thorn, 317 F.3d 107, 122 (2d Cir. 2003) (remanding issue of whether the defendant occupied a position of trust as a licensed abatement contractor due to insufficient evidence of his clients' abilities to monitor his activities); United States v. Laljie, 184 F.3d 180, 194-96 (2d Cir. 1999) (relying on detailed testimony from defendant's employer, predecessor, and successor about the discretion granted to her by virtue of her position as a personal secretary to conclude that she occupied a position of trust); United States v. Viola, 35 F.3d 37, 45 (2d Cir. 1994) (concluding that the defendant's position as a forklift operator was not a position of trust because he did not have "special access" to the facility at issue, his position "did not involve a substantial amount of discretionary judgment," he "was not subject to relaxed supervision because of his position," and his actions were "easily detectable"), abrogated on other grounds by Salinas v. United States, 522 U.S. 52 (1997).

Here, the government appears to be arguing that the defendants have abused the trust granted to them by the public, as represented by Port Authority and Customs, rather than the defendants' individual employers. Therefore, the question of whether the defendants occupied a position of trust depends on whether Port Authority and Customs granted them extensive discretion to travel around and conduct the tasks required by their employment in certain restricted areas at JFK Airport. The government argues that Port Authority and Customs granted the defendants such discretion by giving them security clearances to those areas. However, the government provides no details about whether the defendants' activities were monitored by Port Authority or Customs officials, whether those agencies delegated responsibility to monitor the defendants to their employers, or whether their activities were easily observable by anyone else

3

who was in the position to observe the tarmac and cargo holds. Other than the evidence that the defendants had security clearances and committed their illegal activities undetected, the government has pointed to no evidence in the existing record suggesting that the Port Authority or Customs held the defendants in a position of trust, nor has the government cited any case law suggesting that a position of trust is created by simply granting a security clearance to an individual.[3] As the case law indicates, whether a defendant occupied a position of trust is a fact intensive inquiry that requires a detailed factual record about the relationship between the defendant and the entrusting individual or entity. Here, the record appears too sparse to determine by a preponderance of the evidence that the defendants occupied positions of trust. Thus, an evidentiary hearing is required to develop the record on the issue of Port Authority or

---

[3] Indeed, the Second Circuit appears to have distanced itself from one case that could arguably stand for the proposition that access alone is sufficient to establish that the defendant occupied a position of trust. In Castagnet, the Second Circuit concluded that a former employee of an airline, who used the airline's computer access code to unlawfully issue tickets to himself, occupied a position of trust. 936 F.2d at 62. The court found that the airline "provided the ability to commit the crime," that the defendant committed the crime "without fear of ready notice" by his former employer, and that "he committed the crime under circumstances which enabled him to be unobserved and leave the area before it was discovered." Id. The court's reasoning represents a rather broad application of the abuse of a position of trust enhancement because, as the dissenting judge explained, the airline actually did monitor the defendant's actions while he was employed there and, in fact, fired him upon discovery of his illegal activities. Id. at 63 (Altimari, J., dissenting). The majority, however, concluded that the fact that the defendant was no longer employed by the airline was irrelevant to the inquiry. Id. at 62. Thus, according to the court's reasoning, because the defendant was no longer an employee of the airline and he committed his illegal activities discretely, there was no supervision or oversight of his activities. More recent Second Circuit cases appear to distinguish Castagnet or narrowly construe its holding. See United States v. Thorn, 317 F.3d 107, 121 (2d Cir. 2003) (noting that Castagnet's "special access to information which he abused" was only "possibly suggestive of a position of trust" rather than a dispositive indication of a position of trust); United States v. Echevarria, 33 F.3d 175, 181-82 (2d Cir. 1994) (characterizing Castagnet as a "special skills" case due to the defendant's ability to use former employer's computer system), superseded by regulation on other grounds, U.S. Sentencing Guidelines § 3B1.3 n.2, as recognized in United States v. Hussey, 254 F.3d 428, 433 n.3 (2d Cir. 2001).

4

Customs' supervision or oversight of the defendants during the relevant time period.

It should be noted that, in addition to establishing that defendants occupied positions of trust, the government must satisfy the second prong of the inquiry by establishing by a preponderance that defendants abused their positions of trust. See Nuzzo, 385 F.3d at 115. As the Second Circuit has explained, to fulfill the second prong "[i]t is not sufficient that a defendant enjoyed a position of trust, and thus had an opportunity to commit a difficult-to-detect wrong.... Rather, (1) the defendant must have enjoyed a 'superior' position, relative to other potential perpetrators, as a result of a trust relationship; and (2) the defendant must have capitalized on that superior position in committing the offense conduct." Id. at 116 (citations omitted). Although the court currently takes no position on whether the government has met its burden on the second prong with regard to specific defendants, the court concludes that the existing record is sufficient on this issue. Thus, the hearing should focus solely on the first prong of the inquiry.

For the foregoing reasons, the court orders that a status conference will be held on December 8, 2005 at 10:00am to schedule an evidentiary hearing on the issue of whether the defendants occupied positions of trust.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: December 2, 2005
       Brooklyn, New York

5