UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

UNITED STATES OF AMERICA,

-against-

ERROLL SMALL,

Defendant.

------------------------------------------------------------ X

03 CR 1368 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By opinion and order dated May 27, 2005, the court denied defendant Erroll Small's motion for an acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Upon reviewing the record in connection with Small's sentence, however, the court has determined that one piece of evidence upon which it relied to deny Small's motion should not have been credited. As a result, there is insufficient evidence to sustain his conviction for conspiracy to import five kilograms or more of cocaine and fifty kilograms or more of marijuana in violation of 21 U.S.C. §§ 963 and 952. For the reasons explained below, the court vacates its May 27, 2005 opinion and order with respect to Small and grants Small's motion for a judgment of acquittal pursuant to Rule 29.

## DISCUSSION

The court assumes that the parties are familiar with the facts and circumstances of the case and, therefore, does not provide a full statement of facts here.

In its prior opinion, the court observed that there were only four pieces of evidence against Small adduced at trial: (1) the payment of $400 in "hush money" on June 20, 2003; (2)

1



the payment of $1000 shortly thereafter; (3) a telephone conversation between Small and Erroldo Weatherly on September 1, 2003; and (4) testimony that Small sought more money for his participation in the September 20, 2003 shipment. The court dismissed the evidence of the two payments of "hush money" as insufficient to establish either knowledge of or participation in the drug importation scheme. However, the court concluded that the evidence of the telephone call between Weatherly and Small established Small's knowledge of the drug importation scheme, and the evidence that Small subsequently demanded more money for the September 20, 2003 shipment established his participation in the scheme. Consequently, the court determined that acquittal was not appropriate.

Upon further review of the record, the court concludes that there is insufficient evidence of Small's participation in the drug importation scheme to sustain his conviction. The court's prior opinion relied on the evidence of Small's alleged demand for a more substantial payment for his participation in the September 20, 2003 shipment. However, the court overlooked the fact that Weatherly testified that he had never talked to Small about the September 20, 2003 shipment prior to its occurrence. See Tr. 379. This testimony directly contradicts Weatherly's subsequent testimony explaining that he had told Adams that Cleveland Green, Barnett, Watson, and Small sought more substantial payments in response to being notified about the September 20, 2003 shipment. See Gov't Ex. T-55; Tr. 401-02. Given that there is no other evidence in the record demonstrating that Small was aware of the September 20, 2003 shipment prior to its occurrence, the court must conclude that it improperly credited Weatherly's subsequent testimony to find sufficient evidence of Small's participation in the drug importation scheme. As a result, no reasonable juror could conclude

that Small participated in the conspiracy based on the evidence related to the September 30, 2003 shipment.

The remaining evidence against Small is sufficient to establish Small's knowledge of the drug importation scheme, but not his participation in the scheme. Under Second Circuit precedent, "[t]o sustain a conspiracy conviction, the government must present some evidence from which it reasonably can be inferred that the person charged with the conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." United States v. Rodriguez, 392 F.3d 539, 545 (2d Cir. 2004). With regard to the evidence of two payments of "hush money," a reasonable juror could, at most, infer that Small had knowledge of a scheme to import contraband and participated by watching Weatherly's back and not reporting the incidents. However, "[p]roof that the defendant knew that some crime would be committed is not enough." Id. (internal quotation marks and citation omitted) (emphasis in original). There is simply no evidence that Small knew that the scheme involved narcotics when he received the $400 and $1000 payments from Weatherly. Therefore, the evidence of the "hush money" payments is insufficient to establish Small's knowledge or participation in a scheme to import narcotics.

The only remaining evidence is the September 1, 2003 telephone conversation between Weatherly and Small. The conversation gives rise to a reasonable inference that Small was aware, approximately two months after the payments, that Weatherly was importing narcotics. Small and Weatherly clearly shared knowledge about the shipment that was arriving that day. Small immediately understood what Weatherly meant when he asked whether Small knew "the schedule for that thing there." Gov't Ex. T-6 at 2. Moreover, a reasonable juror could

3

conclude that Small knew Weatherly was referring to drug-sniffing dogs when he explained that no one would find the shipment unless "the little cats" came. Id. at 3. In addition, a jury could also reasonably infer Small's knowledge of the drug importation scheme from Weatherly's refusal to respond on the telephone to Small's question of whether the shipment was "in anything." Id. at 4.

While the evidence presented thus far indicates that Small had knowledge of the drug importation scheme as of September 1, 2003, it does not establish Small's intentional participation in the scheme. The government characterizes Small's participation as "provid[ing] essential information concerning the plans for a Universal flight believed to contain a concealed shipment of narcotics." Gov't Mem. at 28. The government's claim that the information provided by Small was essential to further the conspiracy is irrelevant to the court's inquiry. The relevant inquiry is whether a reasonable juror could conclude that Small intended to facilitate the crime by providing such information. See United States v. Cruz, 363 F.3d 187, 198-99 (2d Cir. 2004). Viewing the evidence in the light most favorable to the government, it is clear that Small's answer to Weatherly's question about whether the plane was "overnighting" is too thin a reed on which to infer Small's intent to actively facilitate the drug importation scheme. At most, a reasonable juror could conclude that Small passively answered Weatherly's question in the context of refusing to aid him by returning to work to pick up the shipment. Taken cumulatively, the evidence fails to establish Small's intent to facilitate the drug importation scheme.

Although there is sufficient evidence of Small's knowledge of the drug importation scheme, the record fails to give rise to a reasonable inference that Small intended to facilitate the crime. As a result, the court must grant Small's motion for a judgment of acquittal.

## CONCLUSION

For the foregoing reasons, the court vacates its opinion and order dated May 27, 2005 with respect to Small and grants Small's motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: March 1, 2006
      Brooklyn, New York

SERVICE LIST:

<div style="margin-left: 2em;">

Attorney for the United States
Michael Joseph Ramos
U.S. Attorney's Office
147 Pierrepont Street
Brooklyn, NY 11201

Steven Leo D'Alessandro
U.S. Attorney's Office
147 Pierrepont Plaza
Brooklyn, NY 11201

Attorney for Defendant Erroll Small
Harry C. Batchelder, Jr.
40 Wall Street, 61st Floor
New York, NY 10005

</div>