UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

ERROL SMALL,

                Defendant.

----------------------------------------------------------------- X

03-CV-1368 (ARR)(RLM)

NOT FOR
PRINT OR ELECTRONIC
PUBLICATION

ORDER

ROSS, United States District Judge:

I have received the July 17, 2007, Report and Recommendation of the Honorable Roanne L. Mann, United States Magistrate Judge, addressing, in part, the question of whether any portion of the fees paid to prior defense counsel, William Randolph Kraft ("Kraft"), who was involuntarily relieved from representing defendant Errol Small ("Small" or "defendant") shortly before trial, should be relinquished. On this issue, Judge Mann recommends that Kraft be ordered to disgorge the entire amount of fees paid to him by defendant and his family. By letter dated July 30, 2007, Kraft objects to this aspect of the Report and Recommendation. Having conducted a de novo review of the record and Judge Mann's findings and recommendations on the issue, see 28 U.S.C.§636(b)(1), I find Kraft's conclusory objections to be meritless and, accordingly, adopt in its entirety Judge Mann's Report and Recommendations as the opinion of the court.

In recommending disgorgement of all legal fees paid to Kraft, Judge Mann relies on both New York law, including the Disciplinary Rules of the New York State Code of Professional Responsibility, and the inherent power of federal courts to discipline attorneys appearing before

1

them. See, e.g., D.F. v. Mt. Sinai-NYU Med. Ctr. Health Sys., No. 04-CV-1507 (ERK), 2006 WL 2023136, at *4 (E.D.N.Y. July 19, 2006), Realuyo v. Diaz, No. 98-CV-7684 (GBD), 2006 WL 695683, at *8 (S.D.N.Y. Mar. 17, 2006), and In re Goldstein, 430 F. 3d 106, 109-10 (2d Cir. 2005), and cases cited therein. See Report and Recommendation ("R & R") at 9-12. Under these and like authorities, it is well established that where serious misconduct violative of disciplinary rules is committed by an attorney, it is proper for a court to deny legal fees for all services rendered the client by that attorney, even for actual services performed on the client's behalf, and to order counsel to refund to the client any fees already paid.

Kraft contends that Judge Mann disregarded evidence that he performed some services in connection with Small's bail application and appeared at bail and status conferences on several occasions. Judge Mann's report, however, while expressly acknowledging Kraft's limited contributions, rightly concludes that the gross deficiencies in his representation amply warranted Small in "effectively discharg[ing] Kraft for cause" one month before trial. More specifically, Judge Mann found that, among other shortcomings, "Kraft absented himself from three consecutive court conferences"; failed to inform his client of his absences in advance of those conferences; neglected to "pick up essential discovery materials (in the form of audio recordings)" that formed the core of the government's prosecution and were made available to Kraft by the government well over a year before; met with his client for a total of no more than three hours during the sixteen-month period between his retention and his removal; failed to review evidence or discovery material with Small; did not discuss defenses or trial strategy with his client; and never explained the sentencing guidelines or the possibility of a reduction in sentence through a proffer session. See R & R at 10-12.

2

Kraft's further complaint that Small was in fact satisfied with his services is flatly contradicted by Small's detailed testimony to the contrary, which Judge Mann correctly credited in reaching her conclusions regarding Kraft's pervasive and serious derelictions of duty. Nor are Judge Mann's conclusions in any way impeached by Kraft's hindsight observation that Small's "acquittal by motion" following his conviction by jury was "consistent with [Kraft's] defense strategy that there was no evidence ... [against Small] other than a single wire intercept ...."

## Conclusion

For the foregoing reasons, the court adopts the Report and Recommendation of Judge Mann as the opinion of the court and orders that: (1) Kraft disgorge the entire amount of fees paid to him in his representation of Small ($19,500), and (2) the Clerk of the Court release to defendant's sister, Maxine Small, the funds it currently holds in this matter, to wit, $2,200 plus whatever interest has accrued.

SO ORDERED.

s/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: August 7, 2007
      Brooklyn, New York

SERVICE LIST:

       W. Randolph Kraft
       7 Seneca Drive
       Middletown, NY 07748

       <u>Defendant's Attorney</u>
       Harry Conrad Batchelder, Jr.
       Law Offices of Harry C. Batchelder, Jr.
       61st Floor
       40 Wall Street
       New York, NY 10005

       <u>Assistant United States Attorneys</u>
       Michael Joseph Ramos
       U.S. Attorney's Office
       147 Pierrepont Street
       Brooklyn, NY 11201

       Steven Leo D'Alessandro
       U.S. Attorney's Office, E.D.N.Y.
       147 Pierrepont Plaza
       Brooklyn, NY 11201

cc:      Magistrate Judge Roanne L. Mann